**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>  Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank NA, et al.,<br><br>  Defendants. | No. CV-24-00932-PHX-KML<br><br>**ORDER** |

  Plaintiff Najib A. Hodge worked for defendant JPMorgan Chase Bank, N.A., as an associate banker before being terminated. (Doc. 7 at 4–5.) Defendant Isabel Islas was an assistant manager at the branch where Hodge worked. (Doc. 7 at 4.) Hodge filed this suit against JPMorgan and Islas[1] alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Doc. 7 at 3.) Because Hodge obtained leave to proceed *in forma pauperis*, the court reviewed his complaint and determined that Hodge had stated claims for race discrimination and retaliation under Title VII. (Doc. 7 at 8.) The court also determined Hodge had not stated an ADEA claim and dismissed it without prejudice. (Doc. 7 at 8.)

  JPMorgan and Islas ("defendants") move to dismiss all claims against Islas and the ADEA claim against JPMorgan. (Doc. 23.) Their motion argues the court lacks subject matter jurisdiction because Hodge "improperly identifie[d]" the court's "basis for

---

[1] Hodge also named Francisco Giutierrez (a JPMorgan branch manager) and "All Employees Under Chase Bank Branch" as defendants. (Doc. 5 at 2.) These defendants were terminated for lack of service. (Doc. 19.)

jurisdiction." (Doc. 23 at 4.) The motion also argues Hodge cannot state a Title VII claim against Islas because individuals are not liable under Title VII. (Doc. 23 at 5.) And finally, the motion argues Hodge's ADEA claim should be dismissed with prejudice (Doc. 23 at 5–7) after previously having been dismissed without prejudice. (Doc. 7 at 8.)

Hodge filed an opposition to the motion to dismiss and his own motion seeking to dismiss Islas. (Docs. 39, 40.) He separately filed a motion for partial summary judgment and a "motion to preserve evidence." (Docs. 41, 42.) The court will address the motions to dismiss.

## I. Dismissal of Islas

Defendants argue all claims against Islas should be dismissed because she cannot be held personally liable under Title VII. (Doc. 23 at 5.) Hodge has stated he no longer wishes to pursue claims against Islas. (Doc. 40.) Islas is therefore dismissed and JPMorgan's argument that Hodge's claims against Islas must be dismissed under Fed. R. Civ. P. 12(b)(6) is now moot.

## II. Dismissal of Claims Based on Lack of Subject Matter Jurisdiction

Defendants seek dismissal of some of Hodge's claims under Rule 12(b)(1) alleging the court lacks subject matter jurisdiction over those claims. (Doc. 23 at 1.) Hodge identified multiple bases for federal jurisdiction in his complaint: Title VII, ADEA, "Title 14 of the Civil Rights Code," "42 USC SEC 1983," and "Sec 503(a) of the ADA." (Doc. 5 at 3.) Defendants do not contest federal jurisdiction over Hodge's Title VII claims. (*See* Docs. 22 at 3, 44 at 2.) But they argue the other statutes give the court "no basis for jurisdiction," subjecting those claims to dismissal. (Doc. 44 at 2.) The court has already established only Hodge's Title VII race discrimination and retaliation claims may proceed, so this argument is moot. (Doc. 7 at 7.) To the extent Hodge attempted to assert claims under other statutes, those claims are dismissed.

## III. ADEA Claim

Defendants concede the court previously dismissed Hodge's ADEA claim but argue the court should now dismiss the claim "*with prejudice*." (Doc. 44 at 3.) According to

defendants, Hodge did not exhaust his administrative remedies regarding the ADEA claim and even if he had, he could not allege a viable claim because the operative complaint indicates "the basis of Plaintiff's dispute is alleged discrimination unrelated to his age" rather than his race. (Doc. 44 at 4.) Defendants do not identify authority supporting the request to revisit the terms on which the ADEA claim was dismissed. Moreover, defendants' apparent belief that a complaint cannot allege alternative theories of recovery is incorrect. *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 701 (9th Cir. 2021) ("[A] plaintiff can pursue multiple, even if inconsistent, theories of recovery in the same suit[.]").

The ADEA claim was dismissed without prejudice because Hodge's complaint did not contain sufficient factual allegations supporting it. (Doc. 7 at 8.) Hodge has not indicated that he is interested in renewing an ADEA claim. Defendants' motion to change the dismissal to one with prejudice is a request for reconsideration, but defendants have not established a need for reconsideration. Defendants' request for reconsideration is therefore denied.

**IV.   Conclusion**

Hodge's Title VII claims against JPMorgan for racial discrimination and retaliation remain. (Doc. 7 at 6–7.) JPMorgan has filed its answer regarding those claims (Doc. 22), so the court will call for a case management report and set a case management conference.

Accordingly,

**IT IS ORDERED** plaintiff's motion to dismiss Islas (Doc. 40) is **GRANTED**. Defendant Islas is **DISMISSED**.

**IT IS FURTHER ORDERED** defendants' motion to dismiss (Doc. 23) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** a scheduling conference is set for **November 7, 2024**, at **9:30 a.m.** in Courtroom 503, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** as follows:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);
3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;
4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;
5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction;
6. A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;
7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;
8. A listing of contemplated motions and a statement of the issues to be decided by those motions;
9. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate

1  Judge for a settlement conference;
2  10. The status of any related cases pending before this or other courts;
3  11. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;
6  12. A discussion of any issues relating to claims of privilege or work product;
7  13. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:
   a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;
   b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;
   c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;
14. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the Court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for

an extension. The parties must propose the following:

    a.    A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

    b.    Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

    c.    A deadline for completion of all expert depositions;

    d.    A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

    e.    A deadline for filing dispositive motions;

    f.    Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

    g.    A date by which the parties shall have engaged in face-to-face good faith settlement talks;

    h.    Whether a jury trial has been requested and whether the request for a jury trial is contested, setting for the reasons if the request is contested;

    i.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1;

15.    A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Lanham_chambers@azd.uscourts.gov.

Dated this 2nd day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge