**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>    Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank NA,<br><br>    Defendants. | No. CV-24-00932-PHX-SHD<br><br>**ORDER** |

Pending before the Court are ten motions filed by pro se Plaintiff Najib A. Hodge. (Docs. 92, 94, 96, 97, 98, 103, 109, 110, 112, 124.) They include a Motion to Amend/Correct the Amended Complaint, (Doc. 92); a Motion for Leave to File Second Amended Complaint, (Doc. 112); a Motion to Compel Discovery and Reserve Sanctions, (Doc. 97, 98); a Motion to Enforce Binding Evidentiary Agreement, (Doc. 103); and several motions to file supplementary evidence or to clarify the record, (Docs. 94, 96, 109, 110, 124). In addition to these motions, Hodge has entered seven Notices of Errata, (Docs. 95, 99, 104, 108, 113, 122, 123), and he has filed—without the Court's leave—three affidavits accompanied by supplementary exhibits, (Docs. 111, 116, 118). Hodge has also filed several Notices which purport to clarify his claims. (Docs. 93, 120.) Each of Hodge's pending motions and filings is addressed below.

**I.    BACKGROUND**

In April 2024, Hodge, an African American man, brought this action against Defendant J.P. Morgan Chase Bank NA ("J.P. Morgan") alleging that J.P. Morgan

unlawfully terminated him from his position as an Associate Banker due to his race, color, age, religion, and gender. (Doc. 5 at 4.) Hodge alleged that J.P. Morgan violated Title VII of the Civil Rights Act; the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); and 42 U.S.C. § 1983. (Doc. 5 at 3.) After granting Hodge's application to proceed in forma pauperis, the Court screened his First Amended Complaint ("FAC") and allowed Hodge to proceed with his Title VII claims of discrimination and retaliation based on his race and color. (Docs. 7, 10.) His remaining claims were dismissed.

J.P. Morgan answered Hodge's FAC, (Doc. 22), and in November 2024, the Court issued a Case Management Order, which set several deadlines for the parties, (Doc. 59). Relevant here, the "deadline for joining parties, amending pleadings, and filing supplemental pleadings" was December 6, 2024. (Doc. 59 (case management order); Doc. 81 (extending discovery and dispositive motion deadlines but otherwise affirming the case management order)). Section 7 of the Case Management Order instructs that "[t]he parties shall not file written discovery motions without leave of the Court." (Doc. 59 at 5.) If a "dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages per party, explaining the position taken by each party, (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule 7.2(j) and have reached an impasse, and (3) copies of the contested discovery requests." (*Id.*) The Case Management Order further warns that "[d]iscovery dispute filings that do not conform to [these] procedures . . . may be summarily stricken." (*Id.*)

## II.     DISCUSSION

### A.     Motions to Amend Complaint

On August 28, 2025, Hodge moved to amend the FAC to add new claims for "Racial Discrimination and Contractual Interference under 42 U.S.C. § 1981"; "Hostile Work

Environment and Psychological Harm"; "Procedural Misconduct and Evidentiary Sabotage"; "Defamation and Slander in Public Record"; and "Injunctive Relief for HR Reform and Oversight Authority." (Doc. 92 at 7–8). J.P. Morgan responded, (Doc. 101), and Hodge replied (Doc. 107). On October 3, 2025, Hodge moved for leave to file his Second Amended Complaint, which the Court construes as an attempt to comply with Local Rule 15.1(a). (Doc. 112 (offering "Redlined Second Amended Complaint Pursuant to Rule 15(a)(2) and LRCiv 15.1(a)").)

### 1. Local Rule 15.1(a)

As an initial matter, Hodge has not complied with Local Rule 15.1(a). Pro se litigants are expected to comply with the Local Rules and failure to do so is grounds for summary denial of motions to amend. *Lachcik v. Maricopa Cnty. B. of Comm'r*, 2016 WL 4367138, at *2 (D. Ariz. 2016) (noting that Local Rule 15.1(a) "carries the force of law" and that "[c]ourts in this district routinely deny motions for leave to amend for failure to comply with LRCiv 15.1(a)" (citation modified)); *Young v. Nooth*, 539 Fed. App'x 710, 711 (9th Cir. 2013) (holding that denial of a pro se plaintiff's motion to amend for failure to comply with local rules was not an abuse of discretion).

The necessity of complying with Rule 15.1(a) is highlighted by the various filings in this case. Hodge's proposed Second Amended Complaint, submitted with his original motion to amend, does not "indicate in what respect it differs from the pleading which it amends." LRCiv. 15.1(a). And although Hodge submitted a "Redlined Second Amended Complaint" with his subsequent motion for leave to amend, (Doc. 112), the redlines do not appear to reflect changes made to the First Amended Complaint, (Doc. 5)—the operative complaint—or to the proposed complaint submitted with his first motion to amend. (*Compare* Doc. 92-1 *with* Doc. 112-2.) It is thus unclear which pleading Hodge seeks to amend, let alone what new allegations are raised, or old allegations removed.

Further, the proposed amended complaint appears to incorporate by reference exhibits that were stricken from the record because they were "not in compliance with Rule 7 of the Federal Rules of Civil Procedure." (Doc. 90 (Order striking Hodge's "Statement

of Facts and Supporting Exhibits" (Doc. 88)), *see* Doc. 92-3 ("Reaffirmation of Affidavit – Exhibit A" apparently referencing Doc. 88).) Even if stricken exhibits could be incorporated by reference—which they cannot—incorporation by reference is not permitted by Local Rule 15.1(a). *See* LRCiv. 15.1(a) ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits."). Because Hodge has failed to comply with the Local Rules, his motion to amend, (Doc. 92), and motion for leave to file a Second Amended Complaint, (Doc.112), will be denied.

### 2. Rule 16(b)(4)

In addition to violating the Local Rules, Hodge has not demonstrated that he is entitled to amend his Complaint. "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). But when the court has entered a pretrial scheduling order that "establish[es] a timetable for amending the pleadings," a request for leave to amend is governed by Rule 16(b)(4). *Id.* Under that rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party moves to amend the pleadings after the deadline set by the scheduling order, they must show "good cause" for their delay. *Coleman*, 232 F.3d at 1291. "[T]hen, if good cause be shown, the party must demonstrate that amendment [is] proper under Rule 15." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quotation and citation marks omitted).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15." *Id.* at 609 (citation modified). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Id.* If the moving party "was not diligent, the inquiry should end." *Id.*

Here, the deadline to amend the pleadings was December 6, 2024. (Doc. 59.) Hodge moved to amend the FAC on August 28, 2025—more than eight months after the

deadline had passed. (Doc. 92.) Hodge does not explain the delay, and states only that the proposed amendment is "submitted in good faith and seeks to clarify jurisdiction, expand factual allegations, and incorporate a full evidentiary record supported by indexed exhibits and sworn affidavits." (Doc. 92 at 1).

"[E]ven under the liberal Rule 15 standard 'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Coleman*, 232 F.3d at 1295 (quoting *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). Hodge's new claims are all based on the same factual allegations asserted in his FAC. Indeed, inasmuch as it is discernable from the various versions of Hodge's proposed amended complaint, the only new factual allegations relate solely to his estimation of damages, but do not alter the operative facts underlying this dispute. *See* (Docs. 92-4–92-11 (affirming the factual allegations in the FAC but adding new allegations regarding the type and amount of damages sought)). Despite every indication that this information was available to Hodge "since the inception of" this case, Hodge offers no "explanation for [his] failure to amend [his] complaint" prior to the deadline for amendment. *Coleman*, 232 F.3d at 1295; *see also Johnson*, 974 F.2d at 609–10 (noting that it was the plaintiff's "burden . . . [to] prosecute his case properly," and that failure to do so is "precisely the kind of case management Rule 16 is designed to eliminate").

Two of Hodge's new claims could conceivably arise from facts not available to him until after the deadline to amend the pleadings. These claims challenge J.P. Morgan's conduct during discovery. (Doc. 92-1 at 8.) Hodge alleges that J.P. Morgan engaged in "discovery obstruction," failed to respond to requests for production, submitted "inadmissible evidence," and slandered him in documents filed on the Court's public docket. (Doc. 92-1 at 5, 8.) Hodge's quarrel with J.P. Morgan's conduct during discovery may only be raised through the discovery dispute process, not by amending his complaint. (*See* Doc. 59 at 5 (outlining the procedure for discovery disputes).) *See* Fed. R. Civ. P. 37

(authorizing sanctions for discovery abuses).[1]

In short, Hodge has not demonstrated "good cause" to modify the Court's scheduling order, as he presents no evidence that he was diligent in seeking to amend his complaint. *See Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006) (denying pro se plaintiff's motion to amend for failure to demonstrate "good cause" when he missed the court's deadline by four months and did not "demonstrate any evidence showing he was diligent in attempting to meet the scheduling order"). His motion to amend (Doc. 92) and for leave to file a Second Amended Complaint (Doc. 112) will therefore be denied.

### B.    Motions Regarding Discovery Disputes

On September 1, 2025, Hodge filed a Motion to Compel Discovery and Reserve Sanctions. (Docs. 97, 98.) The motion requests that the Court compel J.P. Morgan to respond to certain Requests for Production served on July 10, 2025, and seeks to "reserve the right to seek sanctions under Rule 37(b) and (e) for sustained procedural obstruction and revived inadmissible evidence." (Doc. 97 at 2.) J.P. Morgan responded, (Doc. 102), and Hodge replied, (Doc. 107).

On September 19, 2025, Hodge filed a Motion to Enforce Binding Evidentiary Agreement and a Motion to Strike. (Doc. 103.) In this motion, Hodge seeks to enforce a "binding evidentiary agreement" which he asserts "jointly and permanently excluded the year-end report and all related performance allegations" from discovery. (*Id.* at 3.) J.P. Morgan responded, (Doc. 114), and Hodge replied, (Doc. 119).

The Case Management Order outlines the procedures for resolving discovery disputes. (Doc. 59.) Hodge has been reminded of these procedures before, (Docs. 69, 89), but continues to file written papers regarding discovery disputes without leave from the Court and without complying with the Case Management Order or Local Rule 7.2(j). To

---

[1] Hodge is apparently aware of this; four days after he filed his first motion to amend, he filed a Motion to Compel Discovery and Reserve Sanctions which addresses the same conduct. (*See* Doc. 97). Recently, Hodge also filed a "Notice" that appears to withdraw his "Defamation and Slander in Public Record Claim" because it "is now reflected in the . . . sanctions posture under Rule 37 and Rule 11(c)." (Doc. 120 at 2.)

name a few defects, Hodge's discovery motions (1) do not indicate that he made "sincere efforts to resolve the matter through personal consultation (in person or by telephone)"; (2) are not filed jointly; and (3) far exceed the page and form requirements established by the Case Management Order. "Discovery dispute filings that do not conform to [the] procedures" outlined in the Case Management Order "may be summarily stricken." (Doc. 59 at 5.) Hodge's Motion to Compel Discovery and Reserve Sanctions and his Motion to Enforce Binding Evidentiary Agreement and Motion to Strike will thus be summarily stricken.

### C. Additional Notices and Motions

Over the last month, Hodge has filed various other documents on the docket. (Docs. 93, 94, 96, 109, 110, 111, 116, 118, 120, 122, 123.) Three of these are motions seeking leave to file additional evidence or to review, clarify, and supplement the record. (Doc. 109, 110, 124.) These motions appear to be tied to Hodge's motions to amend his complaint, and to compel discovery, and will be denied as moot. Additionally, Hodge has filed two sur-replies to his original motion to amend, (Doc. 117, 121); these also will be stricken. *See Hernandez v. Brewer*, 2018 WL 6002499, at *1 n.1 (D. Ariz. 2018) ("A sur-reply is not permitted by Federal Rule of Civil Procedure 7 or District of Arizona Local Rule 7.2 . . . . [which] only allows a party to file one response in opposition of any motion." (citation modified)).

Hodge is cautioned that "it is [his] responsibility to articulate [his] arguments in each of [his] filings, and [to] take sufficient time to include all arguments that [he] wishes to raise in the first instance." *Drevaleva v. U.S. Dept. of Veterans Affairs*, 2021 WL 4924770, at *1 (N.D. Cal. 2021). Hodge's "failure to do so, leading to later efforts to supplement [his] filings, is inefficient and results in a needlessly lengthy docket." *Id.* (denying the plaintiff's motions to file supplemental briefs because she failed to explain why she could not have raised her additional arguments in the normal course of briefing). Hodge's repeated filings of Notices of Errata—nearly one for each of his pending motions—is further evidence that he has not taken sufficient time to ensure his motions are

ready for the Court's review. Hodge is reminded that access to the electronic filing system is a privilege, and "any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party." (Doc. 71 (order granting Hodge ECF access).)

Hodge has also filed two "Renewed Motions to Clarify the Record and Affirm Compliance with Procedural Rules." (Docs. 94, 96.) These motions seek a court order that confirms that Hodge is complying with the Local Rules and discovery requests, is not engaging in ex parte communication, and is making "good faith efforts to resolve discovery disputes." (Doc. 94 at 2; Doc. 96 at 3.) Not only is the Court unable to affirm Hodge's compliance with court orders and local rules, but these motions are also not properly presented. The motions do not raise any active dispute between the parties, relate to any motion pending before the court, or "cite the rule that authorizes the court to take such action." *Kenner v. United States*, 2025 WL 1950867, at *2 (D. Nev. 2025); *see* LRCiv. 7.2(a) (motions must be supported by a memorandum that "set[s] forth the points an authorities relied upon in support of the motion."). Hodge's motions amount to an improper request for an advisory opinion declaring him immune from Rule 37 or Rule 11 sanctions, before any such motion has been brought and without the presentation of any evidence from either party as to the propriety of his conduct during litigation. (*See e.g.*, Doc. 96 at 3 (requesting that the Court "clarify that no adverse inference or sanction shall arise from [a prior] filing").) Both motions will therefore be stricken.

Hodge has also entered two "Notices," (Docs. 93, 111), and two affidavits accompanied by evidentiary exhibits, (Docs. 116, 118). No motion that requires the production of evidence is pending. And Hodge's Notices do not seek any specific action from the Court, nor do they relate to any other pending motion. *See* Fed. R. Civ. P. 7(a) ("A request for a court order must be made by motion."). Rather they appear to simply "alert the court to something that occurred or that [Hodge] perceives" to be improper. *Kenner*, 2025 WL 1950867, at *2.

"The court's docket is not a repository for the parties' evidence." *Hinojos v. Weir*,

2025 WL 2337103, at *2 (D. Ariz. 2025). Nor is the docket the appropriate avenue to continually file notices or supplementary evidence fine-tuning arguments made in motions past. *See Kenner*, 2025 WL 1950867, at *2. (advising that repeated filing of notices, "clog[s] the docket, confuse[s] the record, and only further delay[s] [the] case"); *Dragomir v. Nationwide Mutual Ins. Co.*, 2025 WL 2337104, at *2 (D. Ariz. 2025) ("Plaintiff should not be filing evidence with the Court outside of a Motion."). Hodge has been warned that filings that do not comply with Rule 7 will be stricken. (*See* Doc. 89.) Accordingly, Hodge's notices (Docs. 93, 111, 120) and affidavits and supplementary evidence (Docs. 116, 118) will be stricken.

### D. Future Filings

Hodge has repeatedly filed supplemental evidence, improper sur-replies, notices requesting no specific relief, and duplicative motions. Neither the Federal Rules, Local Rules, or common practice permit a party to engage in such serial briefing. "Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). As a result, Hodge may not file supplements to pleadings or briefs without prior leave of the Court, and any further disregard for the Local Rules or court orders—particularly the discovery dispute procedures outlined in the Case Management Order—may result in sanctions, including, but not limited to, revocation of Hodge's electronic filing privileges. *See* 28 U.S.C. § 1927 (permitting courts to require a litigant to "satisfy personally . . . excess costs, expenses, and attorneys' fees reasonably incurred" where the litigant's conduct "so multiplies the proceedings in any case unreasonably and vexatiously"); *Williams v. Campbell*, 2023 WL 9051244, at *1 (D. Idaho 2023) ("The Court has broad discretion in implementing case management tools, especially in cases such as this one, where Plaintiff's litigation style—excessive in all respects—diminishes the Court's ability to adjudicate this case and timely adjudicate the other cases on its docket.").

1    Accordingly,

2    **IT IS ORDERED** that the Motion to Amend/Correct the Amended Complaint
3    (Doc. 92) and the Motion to For Leave to File Second Amended Complaint (Doc. 112) are
4    **denied**.

5    **IT IS FURTHER ORDERED** that the Motions to Compel Discovery and Reserve
6    Sanctions, (Docs. 97, 98), and the Motion to Enforce Binding Evidentiary Agreement and
7    Motion to Strike, (Doc. 103), are **stricken**.

8    **IT IS FURTHER ORDERED** that the First Motion for Leave to File Late
9    Evidence, (Doc. 109), and the First Motion for Leave to Review and Supplement
10   Evidentiary Record, (Doc. 110), and the Motion to Supplement, (Doc. 124) are **denied as**
11   **moot.**

12   **IT IS FURTHER ORDERED** that the Reply in Response to 92 Motion, (Doc.
13   117), and the Supplemental Reply, (Doc. 121), are **stricken.**

14   **IT IS FURTHER ORDERED** that the Renewed Motions to Clarify the Record
15   and Affirm Compliance with Procedural Rules, (Docs. 94, 96), are **stricken.**

16   **IT IS FURTHER ORDERED** that the Notice re: Procedural Deficiency Unfiled
17   Discovery Requests, (Doc. 93); the Supplemental Notice with Affidavit re: 97 Motion,
18   (Doc. 111); the Affidavit Authenticating Communication, Reinforcing Employment
19   Relationship, and Clarifying, (Doc. 116); the Supplement in Support re: 104 Notice of
20   Errata, (Doc. 118); and the Notice re: Clarification of Scope of Claims, (Doc. 120), are
21   **stricken.**

22   Dated this 10th day of October, 2025.

Honorable Sharad H. Desai
United States District Judge