**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>            Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank NA,<br><br>            Defendants. | No. CV-24-00932-PHX-SHD<br><br>**ORDER** |

Pending before the Court are ten motions filed by pro se Plaintiff Najib A. Hodge. (Docs. 128, 130, 138, 141, 144, 145, 146, 148, 151, 156.) They include a motion for recusal, (Doc. 130), motion for clarification, (Doc. 128), motion for leave to file late Hodge's motion for summary judgment, (Doc. 138), a motion for Rule 60(b) relief, (Doc. 141), a motion to strike Defendant JPMorgan Chase Bank's ("JPMorgan") motion for summary judgment, (Doc. 144), a motion to reinstate Doc. 79, (Doc. 145), a motion to amend the complaint, (Doc. 146), two motions to supplement replies, (Doc. 148, 156), and a motion to stay, (Doc. 151). Each of Hodge's pending motions is addressed below.

**I.    BACKGROUND**

The parties are familiar with the facts underlying this dispute, which the Court has summarized in previous orders. (*See e.g.*, Doc. 125 at 1–2.) Relevant to the motions now pending, Hodge's motion to allow electronic filing was granted on January 7, 2025. (Doc. 71.) In its order, the Court warned that "[a]ny misuse of the ECF system [would] result in immediate discontinuation of this privilege and disabling of the password assigned to

[Hodge]." (*Id.*) Since granting Hodge the ability to file electronically, the Court has reminded Hodge that his filings must comply with the Local and Federal Rules of Civil Procedure and has denied motions or stricken filings that fail to do so. (*See* Docs. 80, 89, 90, 125, 127.)

On June 11, 2025, the Court denied Hodge's Motion to Strike Inadmissible Evidence, filed at Doc. 79. (Doc. 89.) The Court explained that the evidence Hodge wished to strike was "no longer before the Court for consideration," because it was produced in response to Hodge's motion for partial summary judgment, which Hodge had withdrawn. (*Id.* at 1–2.) Hodge's request to bar JPMorgan's "use of any further evidence that was not disclosed during [Hodge's] employment," was denied as premature. (*Id.* at 2.) The Court explained that there was no "dispute regarding specific evidence before the Court," and that if a dispute arose, Hodge should "follow the discovery dispute procedures outlined in the Case Management Order." (*Id.*)

That same day, the Court issued a second order, (the "Doc. 90 Order"), addressing Hodge's Motion to Preserve Evidence, (Doc. 87), and his lodged Statement of Facts and Supporting Exhibits, (Doc. 88). (Doc. 90.) This order denied Hodge's motion because it failed to comply with the Court's discovery dispute procedures and struck Hodge's Statement of Facts and Supporting Exhibits for failure to comply with Rule 7 of the Federal Rules of Civil Procedure. (*Id.*)

From August 28 to October 8, 2025, Hodge filed ten motions, including a motion to amend his complaint, (Doc. 112), and several motions to file supplementary evidence and clarify the record, (Docs. 94. 96, 109, 110, 124). In addition to these motions, Hodge entered seven Notices of Errata, three affidavits accompanied by supplementary exhibits, and two "Notices" clarifying his claims. (*See* Doc. 125 at 1 (summarizing Hodge's filings)). Many of these motions, notices, and affidavits sought to reinstate or incorporate the exhibits filed in Hodge's Statement of Facts and Supporting Exhibits at Doc. 88, and the arguments raised in Hodge's Motion to Strike Inadmissible Evidence at Doc. 79. (*See e.g.*, Docs. 92, 103, 110, 112, 124.)

On October 10, 2025, the Court issued an order ("Doc. 125 Order") denying Hodge's motions and striking his additional filings. (Doc. 125.) Relevant here, the Court denied Hodge's motion to amend his complaint because he failed to follow the Local Rules and did not demonstrate "good cause" under Rule 16(b)(4). (*Id.* at 6.) Hodge's various other motions, notices, and affidavits supplementing the record were denied as moot or for failure to comply with the court's orders, or were stricken because "no motion that require[d] the production of evidence [was] pending." (*See id.* at 7–8.) Finally, the Court warned Hodge that his "repeatedly[-]filed supplemental evidence, improper sur-replies, notices requesting no specific relief, and duplicative motions" were not authorized by the Federal or Local Rules, and directed that "further disregard for the Local Rules or court orders . . . may result in sanctions, including, but not limited to, revocation of Hodge's electronic filing privileges." (*Id.*)

On October 16, 2025, Hodge filed a motion for clarification of the Doc. 90 Order. (Doc. 128.) Three days later, on October 19, Hodge filed a motion for recusal, arguing (1) that the Doc. 125 Order "executed a defense threat" to seek an order declaring Hodge a vexatious litigant and (2) that the Court's orders striking Hodge's evidentiary exhibits "violate[d] the Federal Rules and judicial Canons." (Doc. 130 at 5.)

On October 21, Hodge filed a "Notice re: Supplemental Exhibits, Expert Report, and Procedural Clarifications" which purports to support the motion for recusal and "cure[] prior indexing-only references, reinforce[] evidentiary maturity, and preserve[] all objections for De Novo review." (Doc. 131 at 1.) The "Notice" totals 59 pages and includes 10 exhibits. (*Id.*)

On October 24, 2025, consistent with the deadlines in the scheduling order, JPMorgan filed a motion for summary judgment. (Doc. 133.) Two days after the deadline passed, Hodge filed a "Notice re: Technical Filing Difficulty and Alternative Lodging," (Doc. 135), along with a motion for summary judgment, (Doc. 136). Hodge's motion for summary judgment appears to include all the evidence originally lodged at Doc. 88 that was stricken by the Court's Doc. 90 Order. (*Compare* Doc. 88 *with* Doc. 136.)

On October 28, 2025, Hodge moved for leave to file his motion for summary judgement late. (Doc. 138.) He asserts that a technical error with ECF prevented him from attaching exhibits to his motion for summary judgment and resulted in the two-day delay. (*Id.* at 2–3.) Since October 28, Hodge has filed six additional motions:

- On October 31, Hodge filed a Motion for Rule 60(b) Relief and Evidentiary Correction, which seeks vacatur of the Court's orders at Doc. 90 and Doc. 125. (Doc. 141.)
- On November 6, Hodge filed a Third Motion to Strike JPMorgan's Motion for Summary Judgment, which moves to strike "all post hoc performance allegations and derivative exhibits" included in the summary judgment motion. (Doc. 144.)
- Also on November 6, Hodge filed a Second Motion to Reinstate Doc. 79, which seeks (1) "permanent exclusion of the year-end report and related performance allegations"; (2) restoration of "Doc. 88 as a properly lodged evidentiary bundle"; and (3) vacatur of the Doc. 90 Order. (Doc. 145 at 2–3.)
- On November 8, Hodge filed a Second Motion to Amend/Correct his Amended Complaint. (Doc. 146.)
- On November 10, Hodge filed a First Motion for Leave to File Supplemental Exhibits or for Leave to File a Late Reply, which seeks to file additional evidence in support of Hodge's motion for summary judgment. (Doc. 148.)
- On November 11, Hodge filed a Motion to Stay, which requests a stay pending the outcome of another civil case filed by Hodge that alleges the Court's orders are unconstitutional.
- On November 18, Hodge filed a First Motion to Supplement, which seeks to provide additional argument in support of his Rule 60(b) motion. (Doc. 156.)

Hodge also lodged a Second Amended Complaint, (Doc. 149), and filed a "Memorandum,"

(Doc. 150), associated with his Motion to Stay.[1]

## II. DISCUSSION

### A. Motion for Recusal

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides specific examples of such situations, which include "where [a judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Sections 455(a) and (b) are "self-enforcing on the part of the judge." *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). If the presiding judge "is aware of grounds for recusal under section 455, [he] has a duty to recuse himself." *Id.* at 868. This decision "rests within the sound discretion of the judge." *Id.*

Under 28 U.S.C. § 144, however, "[w]henever a party to any proceeding . . . files a timely and sufficient affidavit" alleging that the presiding judge "has a personal bias or prejudice" against them, the judge must "proceed no further" and the case shall be reassigned to a different judge. But filing of an affidavit does not automatically trigger reassignment. *See Willenbring v. United States*, 306 F.2d 944, 945–46 (9th Cir. 1962). To determine whether reassignment is warranted, the judge "against whom the affidavit is filed may pass upon the legal sufficiency of the facts alleged in the affidavit." *Id.* at 946. In doing so, the judge "must accept the facts alleged as true." *Id.* Importantly, "[d]etail of definite time and place and character are an absolute necessity to prevent the abusive use of the statute," *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968) (quotation marks omitted), and "'mere conclusions and generalizations'" do not suffice, *Bunker v. McCormick*, 2025 WL 358979, at *1 (D. Ariz. 2025) (quoting *United States v. Bell*, 351 F.2d 868, 879 (6th Cir. 1965)). Ultimately, the presiding judge may deny the affidavit if

---

[1] Not all the pending motions are fully briefed. Where relevant, the Court references responses and replies filed by the parties. Otherwise, the Court has determined that it is unnecessary to receive further briefing. *See Pierre-Jones v. DeFranco*, 2025 WL 1370218, at *1 (E.D. Cal. 2025) (deeming "response from the defendant unnecessary before ruling on the motion").

the facts, taken as true, "[do not] create reasonable grounds for questioning [the judge's] impartiality." *Sibla*, 642 F.2d at 869.

Both § 455 and § 144 operate under the same substantive standard. *Sibla*, 642 F.2d at 867. The party moving for recusal must show that a "reasonable mind [would] fairly infer personal bias or prejudice against [them]." *Grimes*, 396 F.2d at 33. That bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) (cleaned up). As a result, "judicial rulings alone almost never constitute a valid basis" for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that, to warrant recusal absent an extrajudicial source, judicial rulings must "display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Turning first to § 455, a judge must disqualify himself if he has "personal bias or prejudice concerning a party" or familial or financial conflicts. *See* 28 U.S.C. § 455(a), (b). The Court has no familial or financial conflicts with this case, nor does the Court have any bias or prejudice against Hodge or in favor of JPMorgan. Hodge's motion for recusal does not identify any extrajudicial facts which might cause the Court's impartiality to reasonably be questioned, nor does he point to language in the Court's orders that "display[s] a deep-seated favoritism or antagonism." *See Liteky*, 510 U.S. at 555. Recusal under § 455 is not warranted.

To address Hodge's motion for recusal under § 144, the Court must determine the legal sufficiency of Hodge's affidavit. As an initial matter, Hodge's affidavit is conclusory, and states only that Hodge's recusal motion "demonstrates that [the Court] has exhibited personal partiality and structural bias, amounting to the appearance of prejudice"; that "the facts set forth in the Motion—including the April 30, 2025 defense threat and the October 10, 2025 execution of that threat in Doc. 125—would convince a reasonable person that bias exists"; and that the affidavit is made in good faith. (Doc. 130 at 14.) Such conclusory statements are not legally sufficient for the purposes of § 144. *See Bunker*, 2025 WL

358979, at *1 (mere conclusions and generalizations are insufficient).

Even if Hodge's affidavit is construed to incorporate the facts mentioned in Hodge's motion, these facts, taken as true, do not "create reasonable grounds for questioning the [Court's] impartiality." *Sibla*, 642 F.2d at 869. To support his motion, Hodge points to (1) the Court's orders denying or striking Hodge's motions, notices, and affidavits, and characterizing his filings as "serial"; and (2) an email from defense counsel to Hodge, stating that if Hodge "did not withdraw" certain motions, defense counsel would "seek a vexatious litigant declaration and request sanctions." (Doc. 130 at 17.) Taken together, Hodge argues, these facts demonstrate that the Court "executed" this "threat" when it "publicly label[ed] him a serial filer" and struck his filings. (*Id.* at 5.)

These facts are insufficient to establish the collusion between defense counsel and the Court that Hodge envisions. To start, Hodge alleges no facts that suggest the Court knew of the April 2025 email. To "enforce" a threat, the Court would have to know of its existence. Further, "publicly labeling [Hodge] a serial filer" does not amount to declaring him a vexatious litigant. To the extent the April 2025 email "threatened" Hodge with the latter, the Court's order cannot be said to have "executed" that threat—nothing in Hodge's motion or affidavit suggests that the Court has ever declared him a vexatious litigant.[2]

Finally, none of the facts in Hodge's motion indicate that the alleged bias stems from an "extrajudicial source." As outlined above, "judicial rulings alone almost never constitute a valid basis" for recusal. *See Liteky*, 510 U.S. at 555. At bottom, Hodge's allegations amount to a disagreement with the Court's orders, but adverse rulings do not warrant recusal under § 455 or § 144. The motion for recusal will be denied.

**B.     Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

---

[2] On October 24, 2025, JPMorgan filed its motion for summary judgment, in which it included a motion to declare Hodge a vexatious litigant. The Court has not ruled on the motion and expresses no opinion as to its merits.

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Hodge seeks an emergency stay of this case pending the outcome of a new lawsuit, which he filed on November 13, 2025. *Hodge v. Desai*, 2:25-cv-04235-CDB, (D. Ariz. Nov. 13, 2025).³ That case was dismissed with prejudice on November 17, 2025. (*Id.* at Doc. 9.) The motion to stay is therefore moot and will be denied.

### C. Motions for Reconsideration

Two of Hodge's pending motions request reconsideration of prior orders: his Motion for Rule 60(b) relief, (Doc. 141), which seeks vacatur of the orders at Docs. 89, 90, and 125; and his Second Motion to Reinstate Doc. 79, (Doc. 145), which, in addition to raising evidentiary concerns with JPMorgan's motion for summary judgment, addressed in Section II(F), *infra*, also seeks vacatur of the Doc. 90 Order. Though not styled as such, the Court will construe both motions as motions for reconsideration under Local Rule 7.2(g).

"The Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Manifest error means the "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (quotation marks omitted). Further, a motion for reconsideration must "point out with specificity" (1) "the matters that the movant believes were overlooked or misapprehended by the Court," (2) "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier," and (3) "any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1). Such motions may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.*; *see also Bullock v. Ariz. Bd. of Regents*, 2025 WL 1115462, at

---

³ At the time Hodge filed his motion to stay, his new complaint had not been properly filed and Hodge provided an invalid case identifier. (Doc. 151 at 2.) The correct case number and the case's status were obtained from the publicly-available docket.

*1 (D. Ariz. 2025) ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)).  If the movant does not comply with these requirements, this alone "may be grounds for denial of the motion." LRCiv 7.2(g)(1).

To the extent Hodge's motions request reconsideration of the Court's orders at Docs. 89 and 90, they are untimely, as both orders were issued four months ago.  *See* LRCiv. 7.2(g) (allowing 14 days after issuance of the order to file a motion for reconsideration).  Regardless, Hodge's motions for reconsideration do not merit relief. Hodge fails to present any "new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence," LRCiv. 7.2(g)(1), and merely repeats arguments he has made in many of his prior motions, notices, and affidavits.  (*See e.g.*, Docs. 92, 103, 110, 112, 124.)  "[R]ecapitulation of . . . cases and arguments [already] considered" does not warrant reconsideration.  *Lane v. City of Tucson*, 2025 WL 691702, at *2 (D. Ariz. 2025).  Accordingly, Hodge's motions for Rule 60(b) relief, (Doc. 141), and to reinstate Doc. 79, (Doc. 145), will be denied.

Additionally, on November 18, 2025, Hodge filed a 27-page reply to his motion for Rule 60(b) relief.  (Doc. 155.)  There are 12 exhibits attached to the reply, for a total of 95-pages.  (*Id.*)  Hodge then filed a motion to supplement his reply with additional argument. (Doc. 156.)  The Court will deny Hodge's motion to supplement and strike his reply for failure to comply with the Local Rules.  *See* LRCiv. 7.2(e)(2) ("Unless otherwise permitted by the Court, a reply including its supporting memorandum may not exceed eleven (11) pares, exclusive of attachments.").

### D.     Motion to Amend Complaint

Hodge's Second Motion to Amend will be denied for the reasons stated in the order at Doc. 125.  (*See* Doc. 125 at 4–5.)  Motions for summary judgment have been filed in this case, (Docs. 133, 136), and the time to amend the pleadings has passed.  Hodge does not identify any new information not considered in his prior motion to amend.  He thus

fails to demonstrate "good cause" to justify amendment, and his proposed amended complaint suffers from the same defects as those identified in the Doc. 125 Order. (*See* Doc. 125 at 3–6.)

### E.     Motion For Leave to File Motion for Summary Judgment Late

Hodge filed his motion for summary judgment two days late. (Doc. 136.) In his subsequent motion for leave to file late, he explains that he encountered technical errors with ECF, which prevented him from timely filing. (Doc. 138.) In response, JPMorgan argues that Hodge had plenty of time to prepare for summary judgment, and further, that his pattern of late filing weighs in favor of denying relief. (Doc. 152.) The Court finds that Hodge's technical difficulties constitute good cause to permit late filing. His motion to file late, (Doc. 138), will be granted, and JPMorgan will be ordered to respond to Hodge's summary judgment motion as outlined below.

Hodge is warned that this order is not an invitation to file additional materials on the docket. In granting Hodge leave to file late, the Court permits Hodge's summary judgement motion as filed at Doc. 136, and nothing more. Any attempts to supplement his motion for summary judgment with additional argument or evidence—by motion, notice, or affidavit—that are not specifically authorized by the Local and Federal Rules will be immediately stricken.

### F.     Motion to Strike Doc. 133 and Motion to Reinstate Doc. 79

JPMorgan filed its motion for summary judgment on October 24, 2025. (Doc. 133.) Hodge's Response is therefore due on November 25, 2025. *See* LRCiv 56.1(d) (parties have 30 days to file a response to a summary judgment motion). In the interim, Hodge has filed two motions which raise arguments regarding the admissibility of evidence presented in JPMorgan's motion for summary judgment. (Docs. 144 (Third Motion to Strike Motion for Summary Judgment), 145 (Second Motion to Reinstate Doc. 79).) These motions violate the Local Rules, which state that objections to "the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other filing."

LRCiv 7.2(m)(2). Accordingly, Hodge's motions at Docs. 144 and 145 will be stricken without prejudice to Hodge properly raising his arguments in a timely response.

### G.     Improper Replies

Hodge has also filed a "reply" and a motion to supplement which appear to offer argument and evidence in support of Hodge's motion for summary judgment. (Docs. 147, 148.) Both will be stricken. Defendants have not responded to Hodge's motion for summary judgment, and thus, any reply to that motion is premature. And to the extent these motions seek to supplement Hodge's motion for summary judgment with additional evidence or argument, they will be denied. Hodge has already been warned that "notices or supplementary evidence fine-tuning arguments made in motions past" will not be tolerated. (Doc. 125 at 9.; *see also id.* at 7 (explaining that it is Hodge's responsibility to "take sufficient time to ensure his motions are ready for the Court's review," and "failure to do so" does not justify subsequent motions to supplement the record or improper sur-replies).)

### H.     Motion for Clarification

Finally, Hodge requests clarification of the Doc. 90 Order "striking [Hodge's] filing at Doc. 88, captioned 'Statement of Facts and Supporting Exhibits,' on the ground that it was not in compliance with Rule 7 of the Federal Rules of Civil Procedure." (Doc. 128 at 1.) Hodge further requests that his declaration, which he attached to the motion, "is accepted into the record and that the evidentiary content originally lodged at Doc. 88 is preserved and considered on the merits." (*Id.* at 2.)

To the extent this motion seeks reconsideration of the Doc. 90 Order, it is untimely and will be denied for the reasons outlined in Section II(C), *supra*. But because Hodge continues to file motions seeking reinstatement of Doc. 88 and vacatur of the Doc. 90 Order and appears to be confused about the effect of that order, the Court will clarify its ruling.

Hodge's "Statement of Facts and Supporting Exhibits" filed at Doc. 88, violated Rule 7 because it did not request any specific relief from the Court and was not associated with any pending motion. Fed. R. Civ. P. 7(b)(1)(C). As the Court has previously stated,

the docket is not a "repository for the parties' evidence," and filing evidence outside the context of a motion is not allowed by the Federal or Local rules. (*See* Doc. 125 at 8–9.) To the extent Hodge's Doc. 88 was an attempt to file a "Statement of Facts and Supporting Exhibits" under Local Rule 56.1(a), Doc. 88 was deficient because (1) no motion for summary judgment motion was pending, and (2) the Case Management Order suspended Local Rule 56.1(a)'s requirement for a Separate Statement of Facts, so any such statement was in violation of the Court's orders. (*See* Doc. 59 at 6.) In short, Doc. 88 was stricken because it was improperly before the Court. Hodge's subsequent attempts to reinstate Doc. 88 were similarly improper as, again, no motion requiring the presentation of evidence was pending. (*See* Doc. 125 at 8.)

Hodge has since filed a motion for summary judgment, (Doc. 136), which appears to include the evidence originally filed at Doc. 88, and which, as explained above, Hodge will be permitted to file late. Thus, Hodge's requests that the Court acknowledge Doc. 88 and accept it into the record—are moot, and any further filings on this matter will not be entertained.

**I.     Electronic Filing Privileges**

Hodge has been warned that continued filing of "supplemental evidence, improper sur-replies, notices requesting no specific relief, and duplicative motions," and "further disregard for the Local Rules or court orders . . . may result in sanctions, including but not limited to, revocation of electronic filing privileges." (Doc. 125 at 9.) And yet, as indicated by the many motions and improper filings disposed of in this order, Hodge continues to abuse the privilege of electronic filing. The Court will therefore revoke Hodge's permission to electronically file. *Williams v. Campbell*, 2023 WL 9051244, at *1 (D. Idaho 2023) ("The Court has broad discretion in implementing case management tools, especially in cases such as this one, where Plaintiff's litigation style—excessive in all respects— diminishes the Court's ability to adjudicate this case and timely adjudicate the other cases on its docket.").

Accordingly,

**IT IS ORDERED:**

1) denying the First Motion for Recusal, (Doc. 130);

2) denying the First Motion to Stay, (Doc. 151);

3) denying the Motion for Rule 60(b) Relief and Evidentiary Correction, (Doc. 141),;

4) denying the Third Motion to Strike Motion for Summary Judgment, (Doc. 144);

5) denying the Motion to Reinstate Doc. 79, (Doc. 145);

6) denying the Motion to Amend/Correct Amended Complaint, (Doc. 146);

7) denying the First Motion For Leave to File Supplemental Exhibit, (Doc. 148);

8) denying the Motion to Supplement, (Doc. 156).

**IT IS FURTHER ORDERED** granting the First Motion for Leave to File Late, (Doc. 138). Defendants shall have 30 days from the date of this order to file their Response.

**IT IS FURTHER ORDERED** granting in part the First Motion for Clarification Regarding Doc. 90, (Doc. 128), and clarifying the Doc. 90 Order as outlined above.

**IT IS FURTHER ORDERED** striking Hodge's Reply to the motion for Rule 60(b) relief, (Doc. 155), for failure to comply with LRCiv 7(e)(2).

**IT IS FURTHER ORDERED** discontinuing Hodge's electronic filing privilege, which the Court previously granted on January 7, 2025, (Doc. 71). Hodge is no longer permitted to electronically file documents in this matter.

Dated this 20th day of November, 2025.

Honorable Sharad H. Desai
United States District Judge