**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Najib A Hodge, | No. CV-24-00932-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, | |
| Defendant. | |

Pending are four motions filed by Plaintiff Najib A. Hodge: a motion for reconsideration, (Doc. 168), a motion to amend his complaint, (Doc. 176), a motion for leave to file a sur-reply, (Doc. 179), and a motion to strike portions of Defendant JPMorgan Chase Bank N.A.'s ("JPMorgan") Response to Hodge's motion for summary judgment, (Doc. 190). In addition, since the last order striking Hodge's improper filings, Hodge has filed thirty-two "Notices," "Supplements," and "Statements" which attempt to lodge evidence on the docket, make arguments outside the regular course of briefing, and/or amend previous filings. (*See* Docs. 170, 171, 173, 174, 175, 178, 181, 182, 185, 186, 188, 189, 191, 192, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211.) Hodge has also lodged on the docket an amended complaint, two sur-replies, and a proposed order granting his motion to strike. (Docs. 177, 180, 183, 193.)

Hodge's motion for reconsideration, (Doc. 168), will be denied because he fails to make the requisite showing under Local Rule 7.2(g)(1). (*See e.g.*, Doc. 159 at 8–9; Doc. 167.) His motion to amend his complaint, (Doc. 176), will be denied because he fails to

demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), as explained in the October 10, 2025 Order. (Doc. 125 at 4–6; *see also* Doc. 159 at 9–10.)

Hodge also moves to strike portions of JPMorgan's Response to his motion for summary judgment because it violates Rules 12(f) and 56(c)(2) of the Federal Rules of Civil Procedure, and because it raises new arguments and evidence not raised in JPMorgan's motion for summary judgment, (Doc. 133). (Doc. 190.) As an initial matter, JPMorgan's Response, (Doc. 172), addresses *Hodge's* motion for summary judgment, (Doc. 136), not its own, (Doc. 133), and thus, is not confined by JPMorgan's motion for summary judgment. In any event, having reviewed JPMorgan's Response, it is not "redundant, impertinent, or scandalous" and therefore does not violate Rule 12(f). As for Rule 56(c)(2), which permits objections to the admissibility of evidence presented in a motion for summary judgment, such objections must be made in summary judgment briefing, as Hodge has previously been informed. (*See* Doc. 159 (quoting LRCiv 7.2(m) for the proposition that "objections to 'the admissibility of evidence offered in support or in opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other filing.'").) Thus, to the extent Hodge objects to the admissibility of JPMorgan's evidence, a motion to strike is not the appropriate vehicle for those arguments.

Next, I will address Hodge's multiple replies and sur-replies. On November 9, 2025—over a month before JPMorgan responded to Hodge's motion for summary judgment—Hodge replied to his own motion for summary judgment. (Doc. 147 (Reply to Response to Motion re: 136 First Motion for Summary Judgment).) This Reply was premature and will be stricken.

JPMorgan timely responded to Hodge's motion for summary judgment on December 22, 2025. (Doc. 172.) On December 30, 2025, Hodge filed a motion for leave to file a sur-reply, (Doc. 179), which will be construed as a motion to file a reply and will be granted. The Reply lodged at Doc. 180 shall be filed on the docket. On January 2, 2026, Hodge filed a Notice re: Lodging Sur Reply Supplement, (Doc. 182), and lodged a

supplemented sur-reply, (Doc. 183). These supplements to Hodge's Reply will be stricken for the reasons stated in prior orders. (*See, e.g.*, Doc. 125 at 7, 8 (striking supplemental notices because "the docket is not the appropriate avenue to continually file notices or supplementary evidence fine-tuning arguments made in motions past" and reminding Hodge that "it is his responsibility to articulate his arguments in each of his filings, and to take sufficient time to include all arguments that he wishes to raise in the first instance") (citation modified).)

Hodge's remaining filings are improper. He has been repeatedly warned that he "may not use 'Notices' to lodge evidence with the Court or make arguments outside the regular course of briefing" (Doc. 167) and his filings have been accordingly stricken, (Docs. 125, 127, 130, 159, 160, 167). Motions for summary judgment have been filed and briefing on those motions has closed.[1]  (Docs. 133, 136, 147, 172.) The motions for summary judgment will be ruled on in due course. In the meantime, Hodge is prohibited from filing further evidence or argument in support of his motion or in opposition to JPMorgan's motion. Any such improper filings will be summarily stricken.

Hodge must comply with the Local and Federal Rules of Civil Procedure and the ordinary course of motions practice outlined in those rules. Further improper filings will not be tolerated and will be summarily stricken. Hodge is further warned that failure to abide by this and prior orders will result in sanctions.

Accordingly,

**IT IS ORDERED** denying the Motion for Reconsideration re: 167 Order, (Doc. 168).

**IT IS FURTHER ORDERED** denying the Motion to Amend/Correct Amended Complaint, (Doc. 176).

**IT IS FURTHER ORDERED** striking the Reply to Response to Motion re: 136 First Motion for Summary Judgment, (Doc. 147) as premature.

---

[1]   Hodge did not file a response to JPMorgan's motion for summary judgment and the time to do so has passed. (*See* Doc. 159 at 10 (denying Hodge's motion to strike Defendant's motion for summary judgment "without prejudice to Hodge properly raising his arguments in a timely response").)

**IT IS FURTHER ORDERED** construing the Motion for Leave to File Sur-Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, (Doc. 179), as a motion for leave to file a Reply and granting the motion. The Reply lodged at Doc. 180 shall be filed on the docket.

**IT IS FURTHER ORDERED** striking Docs. 170, 171, 173, 174, 175, 177, 178, 181, 182, 183, 185, 186, 188, 189, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211 for the reasons stated above.

**IT IS FINALLY ORDERED** directing Hodge that he may not file any further evidence or argument in support of or opposition to the pending motions for summary judgment.

Dated this 21st day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -